The Equator Mining & Smelting Company, Appellant, v. Guanella et al., Appellees.

1. Lease—Waiver of Condition—Evidence.

A lease by a corporation by its superintendent, containing a provision that it should not be valid and binding upon said company until approved by its executive committee, never received the approval of such committee. The company, however, having permitted the lessees to commence work under the lease and continue the same for more than three months, thereby waived the condition. The failure of one of the lessees to sign the instrument did not destroy its binding force and effect upon them, they having all treated the same as a valid contract by going into possession and prosecuting work under it. Under these circumstances oral evidence is inadmissible for the purpose of altering or contradicting its terms.

2. Evidence.

Where the written lease provided that the lessor should "put in order the water pipe and air compressor," but did not specify the purpose for which it was to be used, oral evidence is competent to show the purpose.

3. Breach of Contract—Damages.

Where the lessees are prevented from continuing work under the lease, by reason of a breach of contract by the lessor, they are entitled to damages.

*Appeal from the District Court of Clear Creek County.*

APPELLEES in the court below recovered the sum of $833.20, as damages alleged to have resulted from a breach of contract of lease.

The lease out of which the suit originated covered a portion of the Munsell Lode mining claim in Clear Creek county. This claim was at the time owned by appellant. It had upon it a tunnel 550 feet in length, and at the breast of this tunnel a shaft 55 feet in depth. Appellees were to sink this shaft 125 feet below the 55 feet mentioned, and do other work; and as a consideration were to receive a percentage of the proceeds from the ore to be extracted.

A lease was drawn up and signed for The Equator Mining Company, by its superintendent, and also by five of the six lessees. The concluding paragraph of the paper reads as follows:—"It is understood and agreed that this lease shall not be valid or binding upon said company, until approved by the executive committee, said approval to be attested herein by the secretary of the company." It was never approved as required. It provided among other things that appellant was "to put in order the water pipe and air compressor." The breach, for which appellees were allowed damages in the court below, arose out of the failure of appellant to put the water pipe and air compressor in order.

Appellees contend that the agreement to put the water pipe and air compressor in order, imposed upon appellant the duty of putting the same in a condition so that the air compressor would furnish sufficient power to run the engine which was to be used in hoisting material from the shaft, and also to run certain air drills, which were to be used in mining. Appellant contends that it was only required to put the same in such condition as would furnish the necessary power to run the drills. At the trial, appellees, against the objection of appellant, were allowed to introduce oral evidence to show that, under an oral agreement with appellant, appellees were to excavate a chamber for the reception of the engine and hoister, and that the air compressor was to be in such order as that it would run the engine for the hoisting.

The admission of this evidence is assigned for error. Appellant contends that the lease constitutes the sole and only contract between the parties, and that its terms cannot be varied by a contemporaneous oral agreement.

Mr. M. B. CARPENTER and Mr. W. N. McBIRD, for appellant.

Messrs. MORRISON and FILLIUS, for appellees.

CHIEF JUSTICE HAYT delivered the opinion of the court.

The lease, which appellees claim amounts only to a memoranda in writing, expressly provides that " it should not be valid and binding upon said company until approved by the executive committee," etc. This lease was not approved as required; and it was not signed by all the lessees. Appellees contend that while it is admissible as some evidence of the agreement between the parties, it is not the exclusive evidence of such agreement. Appellant, on the contrary, urges that it furnishes the only evidence of the agreement made by the parties, and that it cannot be changed or contradicted by oral evidence. Although the lease does not appear to have received the approval of the executive committee, the company having permitted appellees to commence work under it and continue the same for more than three months, must be held to have waived the condition inserted solely for its benefit, requiring the approval of its executive committee. Likewise the failure of one of the lessees to sign the instrument does not destroy its binding force and effect upon the lessees, they having all treated the same as a valid contract by going into possession and prosecuting work under it. *Hoosac Mining & Milling Co. v. Donat*, 10 Colo. 529.

We agree with appellant, that the rights of the parties under these circumstances must be determined upon the basis that the lease is binding as a written contract between the

parties, and that oral evidence cannot be allowed for the purpose of altering or contradicting its terms.   This conclusion is not, however, decisive of the controversy.

The oral evidence introduced is directed to two points, viz.:

1. To show that the company agreed to furnish an engine and hoister.

2. To put the water pipe and air compressor in order, so that the compressor would furnish power to run such engine and hoister.

The company did furnish an engine and hoister that were satisfactory to appellees.   In other words, no breach of contract in this particular is alleged or relied upon.   Hence the admission of oral evidence to show that the company had agreed to do that which it in fact did do, if error, was error in no way prejudicial to appellant.   And as to the oral evidence tending to show the purpose for which the air compressor was to be used, this was competent under the written lease, imposing, as it does, the obligation upon appellant " to put in order the water pipe and air compressor."   It was necessary to have the water pipe in order, so that it would furnish water power for the air compressor.   This air compressor was to be used for some purpose ; such purpose not being specified in the lease, oral evidence was competent to show for what purpose it might be used in prosecuting the work of mining under the lease, provided it was in order. As this was the effect of the evidence introduced, no error was committed by permitting such evidence to go to the jury.

Moreover, appellees' right of recovery is clearly shown independently of, and is not affected by this evidence.   It is conceded that it was the duty of the company to put the water pipe and air compressor in order.   They were evidently to be put in order to the end that the air compressor might be used so as to aid appellees in the economical and advantageous working of the mine, under the lease.   Appellant says that it was for the purpose of running the air drills.   Appellees claim that it was to furnish power for hoisting, as well as for drilling.

The evidence shows that the water pipe and air compressor were never put in such order that they could be used for either purpose, hence the breach on the part of the company of the contract in this respect must be taken as established.

Guanella, one of the plaintiffs, testified upon this branch of the controversy, in part, as follows :—" The company never put the compressor in order.    We attempted to run the water, but had to shut it off very quick.    I notified O'Donnell, the foreman, and I notified Mr. Kearney (the superintendent and manager), by letter, that we were waiting for power, and we was ready to work—had our men in town idle.    There was a man up there two or three days patching up the joints ; that is all they did.    I had O'Donnell, I think, turn the water in twice, when I was there some time in the latter part of February or first of March, when we was waiting for power and ready to work.    It wouldn't turn the machinery at all, and was turned right off.    The pipes were leaking so badly that O'Donnell didn't want to take the responsibility of letting it run, because it was injuring Hall's toll road. * * * The first day it wasn't full and wouldn't run then ; then the second day it didn't do any better—didn't make a pound of air ; the wheels started and stopped."    The testimony of a number of other witnesses introduced by appellees was to the same effect.

Appellant called but two witnesses in its behalf.    The first, Stephen W. Kearney, testified that he was superintendent and manager of The Equator Mining Company from 1881 to January 1, 1889, and was acting in that capacity in December, 1886, at the time the lease was made with plaintiffs.    In reference to this water pipe and air compressor, the witness testified that the company had a man at work on the water pipe, going over all the joints that were leaking, and repairing them, straightening the pipe, and had men repair the air compressor, and put that in order.    " When put in order I told the foreman to test it.    He turned the water into the pipe to see if it would stand the pressure, which it did, and the machinist who overhauled the compressor said it was all

right, as good as the day it was built." On cross-examination this witness said, " I don't know of my own knowledge that the air compressor was in good order; I did not see the test made."

The other witness introduced by appellant was Mr. O'Donnell, who was the foreman of The Equator Company at the time of the trial, as well as at the time of the making of this lease. He testified that the air compressor would not work because the water pipe was defective. The reason it would not work was the lack of power. " I couldn't make it so it wouldn't leak. It was in such repair as we could put it. * * * When we turned the water in and found we couldn't get power enough, we turned it off. We didn't want the road washed out."

The evidence shows without dispute that the water pipe and air compressor were not put in order as required by the lease, although appellees repeatedly requested appellant to comply with this condition of the agreement. By reason of this breach appellees were prevented from continuing work under the lease and are entitled to damages. No question is raised of the amount as fixed by the jury, and the judgment will be affirmed.

*Affirmed.*